UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER HESSER,

    Plaintiff,

v.                                               Case No.:  2:24-cv-400-JLB-KCD

LOWELL H. BECRAFT, JR.,

    Defendant.
_____/

## ORDER

Defendant Lowell H. Becraft, Jr. moves to compel discovery responses. (Doc. 32.)[1] No opposition has been filed, and the time to do so expired. The Court thus treats the matter as unopposed. *See* Local Rule 3.01(c). At issue are a set of unanswered requests to produce documents and unanswered requests for admission. Both parties are pro se. For the reasons below, the motion is granted in part.

**A. Unanswered Discovery**

In July 2024, Defendant served Plaintiff with document requests that have not been answered despite multiple inquiries. (Doc. 32 at 1-2, 5-7.) Federal Rule of Civil Procedure 37(a) provides that a party may move for an

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

order compelling discovery in such circumstances. Defendant tried to confer with Plaintiff to resolve this dispute to no avail. (*See* Doc. 32 at 4.) Now, Plaintiff has failed to respond to the motion, thereby waiving any objections. *See Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11-CV-69-ORL-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (stating that a party that does not assert objections to discovery within the time permitted by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel). Having received no response in opposition, the Court grants the motion to compel.

Defendant also requests "that he be awarded costs for making this motion" under Federal Rule of Civil Procedure 37(a)(5). (Doc. 32 at 3.) If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This sanctions provision in Rule 37 is self-executing. The court *must* award expenses if the disclosures or requested discovery are provided following a motion to compel. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

2

Although Rule 37(a)(5) plainly applies here, Defendant (who is appearing pro se) is not entitled to monetary sanctions for time working on his own case.[2] *See Johnson v. New Destiny Christian Ctr. Church*, No: 6:15-cv-1698-Orl-37GJK, 2016 WL 11187163, at *2 (M.D. Fla. Aug. 19, 2016) ("[A] pro se litigant, like Plaintiff, is not entitled to an award of attorneys' fees under Rule 37(a)(5)(A)[.]" (citing *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1375 (Fed. Cir. 2002) and *Massengale v. Ray*, 267 F.3d 1298, 1302-03 (11th Cir. 2001)); *see also Banks v. Bayh*, No. 3:94-CV-504RM, 1996 WL 204493, at *1 (N.D. Ind. Mar. 27, 1996) (rejecting pro se plaintiff's request for expenses for time spent on his own case).

However, there is some authority to support an award of costs other than attorney's fees incurred for filing the motion (such as duplication and mailing costs). *See Gibson v. Heary*, No. 17CV272S, 2020 WL 570604, at *3 (W.D.N.Y. Feb. 5, 2020). The Court will thus deny Defendant's request without prejudice because it isn't clear what "costs" he is seeking. Defendant may file a motion that explains what "costs" he is seeking and legal support for such an award.

**B. Requests for Admission**

Plaintiff received Defendant's first requests for admission in August 2024. (Doc. 32 at 2-3, 8-15.) Under Rule 36, "[a] matter is admitted unless,

---

[2] Defendant is an attorney but is litigating this case on his own behalf as a party.

3

within 30 days after being served the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Plaintiff did not respond.

Given Plaintiff's silence, the requests for admission are considered admitted under Rule 36(a)(3). *See Barton v. Bray & Gillespie III Mgmt. LLC*, No. 6:06CV663-ORL22JGG, 2007 WL 1139482, at *1 (M.D. Fla. Apr. 17, 2007). Plaintiff does have recourse: "A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defendant the action on the merits." *Id.*; *see also Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). Thus, Plaintiff can move to set the admissions aside. But until that time, Rule 36(a)(3) controls.

Accordingly, it is now **ORDERED**:

1. Defendant's Motion to Compel (Doc. 32) is **GRANTED IN PART AND DENIED IN PART**. By **December 17, 2024**, Plaintiff must serve full and complete responses to the outstanding requests for production of

documents. Defendant's request for costs under Federal Rule of Civil Procedure 37(a)(5) is denied without prejudice.

2.  Defendant's first requests for admission to Plaintiff are considered admitted.

**ENTERED** in Fort Myers, Florida on December 3, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record